## June E. Mills, Appellee, v. Village of Oquawka, Appellant.

### Gen. No. 6,167.   (Not to be reported in full.)

Appeal from the Circuit Court of Henderson county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed February 8, 1916.

### Statement of the Case.

Action by June E. Mills, plaintiff, against Village of Oquawka, defendant, to recover damages for personal injuries due to falling through a defective wooden portion of a brick sidewalk into a cellar. From a judgment for plaintiff for $2,000, defendant appeals.

On May 16, 1914, the husband of June E. Mills occupied a part of the Graham building in the Village of Oquawka, in Henderson county, as a bakery. There was a brick sidewalk, ten or twelve feet wide, in front of this building, and at one time there had evidently been a stairway leading from this sidewalk down to a cellar underneath, but its use for such a purpose had been abandoned many years before the date named, the stairs had been removed, and the opening in the sidewalk leading to the stairs had been covered with the wooden door. On the evening of the day in ques-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tion a wheelbarrow was standing on this wooden door, having been left there by Mills, as he intended to use it during the night for the purpose of transferring bread to the depot for shipment on an early morning train. Between seven and eight o'clock that evening several persons were sitting on that wheelbarrow, when the wooden door gave way and they were all precipitated into the cellar. The evidence shows that June E. Mills, who was one of those thrown into the cellar, was quite seriously injured.

At least two years before this accident, a member of the village board put the end of his cane through a rotten hole in one of the planks composing this wooden cover, and in spite of his knowledge of the condition of this part of the public sidewalk, he testified that to his knowledge the place had never been repaired while he was on the board nor up to the time of the accident. Other witnesses testified to an entire lack of repairs on this place for nineteen years or longer. Certain pieces of timber were admitted in evidence and identified by at least one witness as being part of the supports of this wooden cover. These timbers were rotten. Other evidence was introduced to show that this wooden portion of the walk was in an unsafe condition for public travel. The evidence further showed that the city had been notified of the condition of this walk by complaint to the mayor or president of the village board with a request from plaintiff that the walk or that portion of it be condemned and removed. This complaint was ignored, apparently without any investigation on the part of the village officials.

There seemed to be no question but that plaintiff was injured by her fall. She complained of an injury to her arm and neck and she suffered a miscarriage shortly after the accident. She was under the care of two physicians for a considerable time after the accident.

James W. Gordon and Scofield, Helfrich & Califf, for appellant.

Hartzell & Cavanagh, for appellee.

Mr. Presiding Justice Dibell delivered the opinion of the court.

## Abstract of the Decision.

1. Municipal corporations, § 1098*—*when evidence sufficient to sustain finding that city guilty of negligence in failing to inspect sidewalk and wooden supports.* In an action against a city for damages for personal injuries due to the falling in of the wooden portion of a brick sidewalk over an old cellar, while plaintiff was sitting with others on a wheelbarrow located on such portion of the sidewalk, evidence *held* sufficient to sustain a finding that defendant was guilty of negligence, not only in failing to inspect the sidewalk but also the supports underneath the sidewalk.

2. Municipal corporations, § 1063*—*when person sitting on wooden walk of which complaint was made to city not guilty of contributory negligence.* One who makes a complaint to a city of the defective condition of a board walk over an old cellar is not guilty of contributory negligence in sitting upon a wheelbarrow situated on such walk with others where she has no knowledge of the defective condition of the supporting timbers, which gave way and precipitated her into the cellar.

3. Appeal and error, § 1241*—*when party procuring instruction and offering refused instruction may not complain of similar instruction for adverse party.* A party procuring an instruction and profferring another instruction which is refused, both of which are similar to another instruction given for the adverse party, may not complain of such instruction given for the adverse party.

4. Municipal corporations, § 1101*—*when requested instruction in action for negligent injuries from defective sidewalk properly refused as inapplicable to facts.* In an action for damages for personal injuries sustained as the result of the falling of a board portion of a brick sidewalk over an old cellar, while plaintiff with five other persons were sitting on a wheelbarrow on such board portion of the sidewalk, a requested instruction that if the jury believed from the evidence that this portion of the sidewalk broke because six people were on it then there could be no recovery, *held* correctly refused as being inapplicable to the facts.

5. Municipal corporations, § 995*—*when wooden sidewalk sufficient.* A wooden sidewalk should be in such condition that if people stood on every portion of it they would be supported.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

6. DAMAGES, § 114*—*when verdict for personal injuries to woman not excessive.* A verdict for $2,000 in favor of a woman who complained of an injury to her arm and neck and who suffered a miscarriage, and was under the care of two physicians for some time after the accident, *held* not excessive.